## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | | |
|---|---|---|---|
| MATTHEW W. SHERIFF, | ) | | |
| | ) | FILED: JUNE 23, 2008 | |
| Plaintiff, | ) | 08 CV 3570 | |
| | ) | | |
| vs. | ) | No. _____ | |
| | ) | JUDGE GOTTSCHALL | |
| BRIDGFORD FOODS CORPORATION, | ) | MAGISTRATE JUDGE DENLOW | |
| BRIDGFORD FOODS CORPORATION GROUP | ) | | |
| WELFARE PLAN, CIGNA CORPORATION, | ) | JH | |
| CONNECTICUT GENERAL LIFE INSURANCE | ) | | |
| COMPANY, and UNITED GROUP PROGRAMS, | ) | | |
| INC., | ) | | |
| | ) | | |
| Defendants. | ) | | |

### COMPLAINT

Plaintiff Matthew W. Sheriff ("Sheriff"), by his counsel in this regard, Luke DeGrand, Tracey L. Wolfe and Teresa F. Frisbie of the law firm of DeGrand & Wolfe, P.C., hereby states for his complaint against defendants Bridgford Foods Corporation ("Bridgford"), Bridgford Foods Corporation Group Welfare Plan (the "Plan" or the "Bridgford Plan"), Cigna Corporation ("Cigna"), Connecticut General Life Insurance Company ("CG"), and United Group Programs, Inc. ("UGP") as follows:

### The Parties, Jurisdiction and Venue

1.      Plaintiff Sheriff is, and at all times relevant hereto has been, a citizen of the State of Illinois and a resident of Kane County, Illinois.  Sheriff was previously employed by Bridgford.

2.      Defendant Bridgford is a corporation organized under the laws of the State of California with its principal place of business located in Anaheim, California.  Bridgford does

1

business in the State of Illinois, and Sheriff was employed by Bridgford within this judicial district.

3.    Bridgford is a publicly-traded corporation with more than 12,000 employees, and is engaged in interstate commerce.

4.    Bridgford is the sponsor and on information and belief the administrator of the Plan, a self-funded employee benefit plan providing health insurance coverage to its employees.

5.    The Plan is a single-employer unfunded employee benefit plan governed by the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, *et seq.*

6.    Defendant Cigna is a corporation organized under the laws of the State of Delaware with its principal place of business located in Philadelphia, Pennsylvania.  Cigna does business in the State of Illinois, including but not limited to the administration of the Plan pursuant to delegation by Bridgford.

7.    Defendant CG is a corporation organized under the laws of the State of Connecticut with its principal place of business located in Philadelphia, Pennsylvania.  CG does business in the State of Illinois, including but not limited to the administration of the Plan pursuant to delegation by Bridgford.  CG is named as a defendant herein because it is believed to have a role, through Cigna, in the administration of the Plan.

8.    Defendant UGP is a corporation organized under the laws of the State of Florida with its principal place of business located in Boca Raton, Florida.  UGP does business in the State of Illinois, including but not limited to the administration of the Plan pursuant to delegation by Bridgford.

9.      On information and belief, Cigna, CG and UGP are third-party administrators and fiduciaries of the Plan under contractual arrangements with Bridgford.

10.     Jurisdiction is proper in this Court in accordance with 29 U.S.C. § 1132(e)(1) and (f) and 28 U.S.C. § 1331.  In addition there is complete diversity of citizenship between plaintiff and the defendants, and the amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000.  Accordingly, jurisdiction is also proper under 28 U.S.C. § 1332.

11.     Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), inasmuch as the Plan is administered in this district and the breaches of duty alleged herein occurred in this district, and under 28 U.S.C. § 1391(b) inasmuch as a substantial part of the events and omissions giving rise to the claims stated herein occurred within this district.

### Factual Allegations Common to All Counts

12.     In or about January 2006, Sheriff became employed by Bridgford as Director of Business Development.

13.     Following commencement of his employment, Sheriff became insured under a health insurance plan provided by a prior employer by virtue of having made an election to that effect under the provisions of the federal Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. §§ 1161, *et seq*.

14.     Sheriff enrolled to become insured under the Bridgford Plan in approximately April 2006, and was insured under that plan effective approximately May 8, 2006.

15.     Sheriff was a participant in the Bridgford Plan within the meaning of Section 3(7) of ERISA, 29 U.S.C. § 1002(7).

16.     At no time prior to the denial of benefits challenged herein was Sheriff provided with a summary plan description or other statement purporting to limit his benefits under the Bridgford Plan to an annual maximum amount.

17.     On March 22, 2006, Sheriff, who was at the time 33 years old, suffered a stroke caused by an arteriovenous malformation, or AVM.  Sheriff incurred substantial medical costs for treatment resulting from the stroke.

18.     Throughout 2006, Sheriff remained insured through both the Bridgford Plan, and through the coverage provided by his prior employer under COBRA.  Sheriff's medical costs incurred in 2006 were, however, paid exclusively by and through his COBRA coverage (*i.e.*, the Bridgford Plan was not called upon to reimburse or pay any medical expenses incurred by Sheriff for treatment or services rendered in 2006).

19.     At the end of 2006, Sheriff discontinued his COBRA coverage.  He did so based upon representations made by defendants that his coverage under the Bridgford Plan would provide him with adequate health insurance coverage.

20.     These representations included a written Statement of Medical Benefit Details made available to Sheriff via the internet.  A true and correct copy of this Statement of Medical Benefit Details, dated November 17, 2006, is submitted herewith and incorporated herein by this reference as Exhibit A.

21.     According to the Statement of Medical Benefit Details, Sheriff had "unlimited" medical coverage (*i.e.*, no medical benefit limit).  Exhibit A.

22.     Based upon these representations as to his medical coverage, Sheriff discontinued his COBRA coverage and elected to forego other insurance coverage available to him.

4

23.     In February 2007, Sheriff was advised that his condition following the stroke required stereotactic radiosurgery.  His treating physician recommended that this procedure be performed at the Lars Leksell Center for Gamma Surgery of the University of Virginia Primary Care Center ("UVA").

24.     Prior to performing this procedure, a representative of UVA contacted Cigna to obtain pre-authorization for the procedure.  Cigna was provided with the diagnosis code and the procedure codes for both stereotactic radiosurgery and a magnetic resonance imaging ("MRI") of the brain (with and without contrast).

25.     Cigna assured the UVA representative that no pre-authorization was required for the procedure to be covered under Sheriff's benefit plan.

26.     The procedure was subsequently performed on May 1, 2007, following which Sheriff commenced physical therapy.

27.     On May 4, 2007, when he returned to work following the procedure, Sheriff was told by his supervisor, Chris Cole, that his employment was being terminated "retroactively," effective as of April 27, 2007 (*i.e.*, prior to his surgery).

28.     Bridgford failed to pay Sheriff final compensation due him in connection with the termination of his employment.

29.     By letter dated June 13, 2008, Sheriff made demand for said final compensation under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*, and the Illinois Attorneys' Fees in Wage Actions Act, 705 ILCS 225/0.01 *et seq.*

30.     Bridgford failed to pay Sheriff his final compensation despite said demand.

31. Following the termination of his employment, Sheriff elected COBRA continuation coverage under the Bridgford Plan, and made all payments required in connection with said continuation.

32. Sheriff continued his physical therapy and treatment following the termination of his employment.

33. In or about September 2007, Sheriff was advised by his treating physician that he would need a prosthetic device to assist with his recovery.

34. Sheriff contacted Cigna to obtain pre-approval and assurance that the costs of this prosthetic device would be covered under the Bridgford Plan, and was assured that the cost of the device would be 100% covered.

35. Sheriff then obtained the prosthetic device in September 2007, and submitted a claim for reimbursement to the Plan.

36. When Sheriff contacted Cigna in October 2007, to inquire regarding the status of his reimbursement, he was advised for the first time that his medical coverage under the Bridgford Plan would be capped at $25,000 annually.

37. Sheriff never would have allowed his prior COBRA coverage (as to which there was no limit or annual maximum) to terminate had he been advised that his coverage under the Bridgford Plan was limited in this fashion.

38. In addition, Sheriff had other available means of obtaining health insurance coverage of which he could have availed himself had he been properly advised that the Bridgford Plan was subject to an alleged annual benefit limit.

39. Sheriff incurred more than $150,000 in medical charges in 2007 that the Bridgford Plan has refused to cover based upon the alleged annual benefit limit.

40.    By letter sent December 5, 2007, Sheriff through his then counsel contested the denial of benefits.  A copy of this letter accompanies this Complaint as Exhibit B.

41.    By letter dated January 15, 2008, Cigna upheld the denial of benefits, and advised Sheriff that he could pursue a further administrative appeal of the denial.  A copy of this letter accompanies this Complaint as Exhibit C.

42.    On April 30, 2008, Sheriff through counsel wrote to Cigna requesting a copy of various materials necessary to a full and fair review of the denial of benefits, including the Plan, any summary plan description, the claim file, and any evidence demonstrating that Sheriff had been advised at the time he elected coverage of the alleged annual benefit limit relied upon to deny him benefits.  A true and correct copy of this letter dated April 30, 2008, accompanies this Complaint, and is incorporated herein by reference, as Exhibit D.

43.    On June 6, 2008, Sheriff (through counsel) renewed his request for materials to facilitate meaningful access to a full and fair administrative review of the denial of benefits.   A true and correct copy of this letter from Sheriff's counsel to Cigna dated June 6, 2008, accompanies this Complaint, and is incorporated herein by reference, as Exhibit E.

44.    On June 16, 2008, Sheriff (though counsel) again requested the materials necessary to provide him with meaningful access to a full and fair administrative review of the denial of benefits.  A true and correct copy of this letter from Sheriff's counsel to Cigna, Bridgford and UGP dated June 16, 2008, accompanies this Complaint, and is incorporated herein by reference, as Exhibit F.

45.    The letter dated June 16, 2008, noted that the refusal to provide the requested materials was preventing Sheriff from having meaningful access to the administrative review

process, and stated that if the materials were not received by the close of business on June 19, 2008, Sheriff would consider administrative review to have been exhausted.  Exhibit F.

46.    On June 19, 2008, Sheriff received an incomplete production from Cigna. Among other things, defendants have failed and refused to provide Sheriff with a copy of the governing Plan document, the applicable summary plan description(s), and/or any evidence demonstrating that Sheriff was advised of the alleged annual benefit limit prior to the denial of benefits challenged herein.  A true and correct copy of the letter (without enclosures)from Cigna to Sheriff's counsel dated June 18, 2008, accompanies this Complaint as Exhibit G.

47.    Defendants' failure and refusal to provide Sheriff with a complete production of the requested materials has prevented Sheriff from obtaining meaningful administrative review of the denial of benefits.

**COUNT I**
**ERISA SECTION 502(c)(1)**

48.    Sheriff restates and incorporates as though fully set forth herein the allegations contained in paragraphs 1-47 of his Complaint as this paragraph 48 of Count I.

49.    Defendants have failed to respond to plaintiff's request for information as set forth in Exhibit D for a period of more than thirty (30) days and have thereby violated Sections 104(b)(4) and 502(c)(1) of ERISA, 29 U.S.C. §§ 1024(b)(4), 1132(c)(1).

**WHEREFORE**, plaintiff Matthew W. Sheriff requests the entry of judgment in his favor and against defendants Bridgford Foods Corporation, Bridgford Foods Corporation Group Welfare Plan, Cigna Corporation, Connecticut General Life Insurance Company, and United Group Programs, Inc., jointly and severally, awarding the following relief:

    (a) Directing defendants to furnish Sheriff with the materials requested on April 30, 2008, as set forth in Exhibit D hereto;

(b) Ordering Bridgford, Cigna, CG and/or UGP as plan administrators to pay Sheriff a statutory penalty as authorized by Section 502(c)(1) of ERISA, 29 U.S.C. § 1132(c)(1), in an amount up to $100 per day from the date of its failure to provide the requested information as required;

(c) Imposing such other penalties as the Court deems appropriate to serve as a deterrent to similar failures and refusals to comply with ERISA in the future;

(d) Awarding Sheriff his reasonable attorneys' fees and costs of suit; and

(e) Awarding such other and further relief as the Court deems equitable and proper.

## COUNT II
### BREACH OF FIDUCIARY DUTY (ERISA SECTION 502(a)(3))

50.     Sheriff restates and incorporates as though fully set forth herein the allegations contained in paragraphs 1-47 of his Complaint as this paragraph 50 of Count II.

51.     As Plan sponsor and plan administrators, defendants Bridgford, Cigna, CG and UGP owed Sheriff a fiduciary duty to act in the interest of the Plan and its participants.

52.     Defendants, and each of them, breached their fiduciary duties to Sheriff by failing to advise him of the terms and conditions governing his participation in and coverage under the Plan, failing to timely provide him with a summary plan description, denying his claim for benefits based upon undisclosed limitations on benefits, and failing and refusing to provide him with information necessary to enable him to obtain meaningful administrative review of his claim for benefits.

53.     Said breaches are actionable under Section 502(a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1022, 1024(b).

54.     Sheriff has been damaged by the aforesaid breaches of fiduciary duty.

**WHEREFORE**, plaintiff Matthew W. Sheriff requests the entry of judgment in his favor and against defendants Bridgford Foods Corporation, Bridgford Foods Corporation Group

Welfare Plan, Cigna Corporation, Connecticut General Life Insurance Company, and United Group Programs, Inc., jointly and severally, in amount to be determined based upon the evidence adduced at trial, together with his reasonable attorneys' fees and costs of suit, and such other and further relief as the Court deems equitable and proper.

### COUNT III
### EQUITABLE ESTOPPEL

55.    Sheriff restates and incorporates as though fully set forth herein the allegations contained in paragraphs 1-47 of his Complaint as this paragraph 55 of Count III.

56.    Defendants made knowing misrepresentations to Sheriff regarding the terms of his coverage under the Bridgford Plan.

57.    Said misrepresentations included misrepresentations made in writing.

58.    Sheriff reasonably relied upon said misrepresentations to his detriment.

**WHEREFORE**, plaintiff Matthew W. Sheriff requests the entry of judgment in his favor and against defendants Bridgford Foods Corporation, Bridgford Foods Corporation Group Welfare Plan, Cigna Corporation, Connecticut General Life Insurance Company, and United Group Programs, Inc., jointly and severally, in amount to be determined based upon the evidence adduced at trial, together with his reasonable attorneys' fees and costs of suit, and such other and further relief as the Court deems equitable and proper.

### COUNT IV
### ALTERNATIVE COUNT FOR BENEFITS UNDER SECTION 502(a)(1)

59.    Sheriff restates and incorporates as though fully set forth herein the allegations contained in paragraphs 1-47 of his Complaint as this paragraph 59 of Count IV.  This Count is stated in the alternative to the relief requested in Counts II and III.

60.    Because defendants have failed and refused to make the Plan available to Sheriff and/or his counsel, Sheriff has been precluded from adequately determining the basis for the denial of benefits.

61.    Accordingly, Sheriff states in the alternative to the relief requested in Counts II and III, and without prejudice to said claims, that the denial of benefits constitutes a wrongful denial of benefits under the Plan.

**WHEREFORE**, plaintiff Matthew W. Sheriff requests, in the alternative to the relief requested in Counts II and III, the entry of judgment in his favor and against defendant Bridgford Foods Corporation Group Welfare Plan in amount to be determined based upon the evidence adduced at trial, together with his reasonable attorneys' fees and costs of suit, and such other and further relief as the Court deems equitable and proper.

### COUNT V
### ERISA SECTION 510

62.    Sheriff restates and incorporates as though fully set forth herein the allegations contained in paragraphs 1-47 of his Complaint as this paragraph 62 of Count V.

63.    Defendant Bridgford discharged Sheriff from his employment for exercising his rights to coverage under the ERISA-governed Bridgford Plan, and to interfere with Sheriff's attainment of rights under said Plan.

64.    Bridgford's conduct as aforesaid violated Section 510 of ERISA, 29 U.S.C. § 1140.

65.    Sheriff has been damaged by said violation.

**WHEREFORE**, plaintiff Matthew W. Sheriff requests the entry of judgment in his favor and against defendant Bridgford Foods Corporation in amount to be determined based upon the

evidence adduced at trial, together with his reasonable attorneys' fees and costs of suit, and such other and further relief as the Court deems equitable and proper.

**COUNT VI**
**VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT**

66.     Sheriff restates and incorporates as though fully set forth herein the allegations contained in paragraphs 1-47 of his Complaint as this paragraph 66 of Count VI.

67.     Bridgford is an employer as defined by the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*.

68.     Bridgford violated the Illinois Wage Payment and Collection Act by failing to pay Sheriff his final compensation.

69.     Bridgford has at all times had the financial ability to pay Sheriff his final compensation.

70.     The aforesaid violation of the Illinois Wage Payment and Collection Act was willful and intentional.

71.     Sheriff has been damaged as a direct and proximate result of the aforesaid violation of the Illinois Wage Payment and Collection Act.

72.     Sheriff has performed each and every term and condition on his part to be performed in order to earn the final compensation claimed herein.

**WHEREFORE**, plaintiff Matthew W. Sheriff respectfully prays for the entry of judgment in his favor and against defendant Bridgford Foods Corporation in an amount justified by the evidence to be adduced at trial, together with prejudgment interest and his costs incurred herein, and for such other and further relief as the Court deems equitable and proper.

12

## COUNT VII
## ILLINOIS ATTORNEYS FEES IN WAGE ACTIONS ACT

73.     Sheriff restates and incorporates as though fully set forth herein the allegations contained in paragraphs 1-47 of his Complaint as this paragraph 73 of Count VII.

74.     Sheriff has, through his counsel, made written demand upon Bridgford for payment of Sheriff's final compensation.  A true and correct copy of said demand, which was delivered to Bridgford more than three days prior to instituting this action, is attached hereto as Exhibit H.

75.     Despite said demand, Bridgford has wrongfully failed and refused to pay Sheriff the final compensation due him.

76.     Pursuant to 705 ILCS 225/1, Sheriff is entitled to recover the reasonable attorneys' fees incurred in bringing and pursuing this action, "to be taxed as costs of the action."

**WHEREFORE**, plaintiff Matthew W. Sheriff respectfully prays for the entry of judgment in his favor and against defendant Bridgford Foods Corporation in an amount justified by the evidence to be adduced at trial, together with prejudgment interest and his costs incurred herein, and for such other and further relief as the Court deems equitable and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

**MATTHEW W. SHERIFF**

By:   /s  Luke DeGrand
                One of His Attorneys

Luke DeGrand
Tracey L. Wolfe
Teresa F. Frisbie
DEGRAND & WOLFE, P.C.
20 South Clark Street, Suite 2620
Chicago, Illinois  60603
(312) 236-9200 (Telephone)
(312) 236-9201 (Facsimile)

# Medical Benefit Details

⟨⟩ Back to Medical                                                    ⟨⟩ Log Out

**Member Summary For:**

**MATTHEW W SHERIFF**

Relationship: EMPLOYEE

Date of Birth: 04/08/1972

Product: INDEMNITY

Pharmacy Product: Tier 3

Account Number: 3192332

Effective Date: 05/08/2006

Eligibility Status: Active

**Other Members:**

JORDAN SMITH


Related Links

▶ Medical Claim Search

▶ Medical Member Summary

▶ Medical Cost Tracker

▶ Other Insurance Information


Resources

∴ Understanding your
  Explanation of Benefits

: For questions about your
  Medical plan please
  call 800.CIGNA24

Below are benefit plan highlights for:    **MATTHEW SHERIFF**    [go]

Please review your plan documents for full details, including exclusions, limitations
and state mandates that might affect the benefits described below.

**Medical Deductibles**

| | |
|---|---|
| Individual | $300.00 |
| Family | $900.00 |

08 CV 3570

JUDGE GOTTCHALL

MAGISTRATE JUDGE DENLOW

JH

**Medical - Member's Coinsurance**

| | |
|---|---|
| Office Visit | 20% |
| Inpatient Hospital | 20% |
| Outpatient Hospital | 20% |
| Emergency Room | 20% |
| Urgent Care Center | 20% |
| Chiropractic Care | 20% |
| Durable Medical Equipment | 20% |
| External Prosthetic Appliances | 20% |
| Family Planning | 20% |
| Home Health Care | 20% |
| Mammogram | 20% |
| Advanced Radiological Imaging | 20% |
| PCP Pap Smear | 20% |
| Prostate Cancer Screening | 20% |
| Short Term Rehabilitation | 20% |
| Skilled Nursing Facility | 20% |
| Well Child Care (Age 0 Years Thru 2) | 20% |
| Well Woman Exam | 20% |

**Medical Out-of-Pocket Maximums**

| | |
|---|---|
| Individual | $1,000.00 |
| Family | $3,000.00 |

**Medical Benefit Maximums**

| | |
|---|---|
| Chiropractic Care (Visits) | 60 Per Calendar Year |
| Durable Medical Equipment (Dollar Amount) | Unlimited |
| External Prosthetic Appliances (Dollar Amount) | Unlimited |
| Home Health Care (Visits) | 120 Per Calendar Year |
| Short Term Rehabilitation (Visits) | 60 Per Calendar Year |
| Skilled Nursing Facility (Visits) | 120 Per Calendar Year |
| Lifetime Maximum | Unlimited |

**Medical Authorizations**

| | |
|---|---|
| Emergency Services Notification Hours | 48 Hours |

| Inpatient Precertification | Required |
|---|---|
| Continued Stay Review | Required |
| Failure to Notify CIGNA | $500.00 |
| Precertification Not Approved | 50% |
| Additional Days Not Approved | 50% |

| Pharmacy Copayments | Generic | Preferred Brand | Non-Preferred Brand |
|---|---|---|---|
| Retail Copay (30 Day Supply) | $10.00 | $25.00 | $35.00 |
| Mail Order Copay (Up To 90 Day Supply) | $20.00 | $50.00 | $70.00 |

**Pharmacy Member's Coinsurance**

| Member's Coinsurance | 50% |
|---|---|

**Additional Benefits**
Vision
Mental Health





© 2005 CIGNA
Legal Disclaimers | Privacy Information

**CARA E. ZEMENAK**
**ATTORNEY AT LAW**
**658 HIGHLAND AVENUE**
**GLEN ELLYN, IL  60137**
**Phone: (630) 251-0248**
**Fax: (630) 469-2887**

08 CV 3570

JUDGE GOTTCHALL

MAGISTRATE JUDGE DENLOW

Cigna
Grievance Department
P.O. Box 5200
Scranton, PA 18505-5200

JH

Re:    Grievance and Appeal of Matthew W. Sheriff
       Date of Birth: 04/08/72
       Member ID: U2445489701
       Account Number: 3192332
       Effective Date: 05/08/06

Dear Sir or Madam:

Please be advised that this correspondence shall serve as a formal grievance and appeal pertaining to medical benefits denied to my client, Matthew W. Sheriff, a Cigna insured under your Open Access Plus Plan ("Cigna PPO").

With respect to the facts at issue, Mr. Sheriff elected participation in the Cigna PPO plan in April 2006, with effective benefits commencing on May 8, 2006. At the time he elected coverage, Mr. Sheriff completed a one sheet informational form. Mr. Sheriff was provided a general Cigna plan booklet, but this did not contain any specific information regarding limits of coverage under Mr. Sheriff's employer, Bridgford Foods', health insurance plan.

Throughout 2006, Mr. Sheriff received coverage under the Cigna PPO and also had supplemental coverage through another insurer. At the end of 2006, Mr. Sheriff chose to discontinue his supplemental insurance because it was his understanding that the Cigna PPO would be sufficient to cover his medical costs from that point forward.

In February of 2007, Mr. Sheriff underwent medical testing and was advised that he would require stereotactic radiosurgery in the State of Virginia. Mr. Sheriff's team of physicians worked with the Virginia physicians and hospital to ensure that adequate insurance coverage existed for the procedure and ancillary treatment. Prior to departing for the Virginia procedure, Mr. Sheriff was advised by Cigna that the surgery was pre-approved at 100%. The surgery went forward as planned at a cost of over thirty thousand dollars ($30,000.00).

Following the surgery on May 1, 2007, Mr. Sheriff commenced physical therapy, as the Cigna PPO plan booklet provided by his employer permitted up to sixty visits per calendar year. On May 4, 2007, Mr. Sheriff was advised that he was terminated from his employment at Bridgford Foods. Mr. Sheriff immediately elected COBRA coverage through the Cigna PPO at a cost of approximately four hundred fifty dollars ($450.00) every thirty days.

Continuing to act under the assumption of full coverage, Mr. Sheriff subsequently purchased a necessary orthotic device, the "Walk Aide" from Hanger Orthotics, at the recommendation of his physician. Mr. Sheriff contacted Cigna prior to the purchase and was instructed that the device was covered under the Cigna PPO. Mr. Sheriff was told that he would be reimbursed approximately four thousand five hundred dollars ($4500.00) of the five thousand dollars ($5000.00) he paid for the device.

Approximately one week after being advised that the device would be covered, Mr. Sheriff contacted Cigna to inquire about the status of his reimbursement for the item. At that time, Mr. Sheriff was advised for the first time that his plan had an annual cap of twenty-five thousand dollars ($25,000.00) per year. Mr. Sheriff was advised that there would be no further coverage for medical care received in the year 2007.

As you know, the Employee Retirement Income Security Act of 1974 (ERISA) is a federal law that sets minimum standards for retirement and health benefit plans in private industry. ERISA does not require any employer to establish a plan. It only requires that those who establish plans must meet certain minimum standards.

Among other things, ERISA provides that those individuals who manage plans (and other fiduciaries) must meet certain standards of conduct. The law also contains detailed provisions for reporting to the government and disclosure to participants. There also are provisions aimed at assuring that plan funds are protected and that participants who qualify receive their benefits.

With respect to plan descriptions specifically, ERISA requires that a summary plan description of any employee benefit plan shall be furnished to participants and beneficiaries. The summary plan description shall include specific information, shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan.

As the summary of the pertinent facts above shows, Mr. Sheriff was never made aware that the Cigna PPO had such restrictive limits in coverage until well after he had received the majority of his extensive medical care in 2007. Mr. Sheriff acknowledges that he had access to a general plan book, co-pay and deductible information but there was never any information provided regarding a twenty-five thousand dollar ($25,000.00) annual cap.

Furthermore, please note that if Mr. Sheriff were aware of such limitations on the coverage under the Cigna PPO, he surely would have chosen to join his spouse's health care coverage plan through her employer. Mrs. Sheriff's coverage is unlimited. Given Mr. Sheriff's continuing health care needs, this would have been a much better option.

As a result of the failure of coverage in this case, Mr. and Mrs. Sheriff have been held responsible for a number of outstanding medical bills from physicians, hospitals and medical supply companies. In light of the above, and specifically, the lack of plan information provided by Cigna to Mr. Sheriff upon his election of coverage in 2006, Mr. Sheriff is requesting a full and complete payment of any and all medical bills and reimbursement requests throughout the year 2007. After January 1, 2008, Mr. Sheriff has chosen to elect coverage through his spouse's employer, therefore ceasing any further responsibility of Cigna for Mr. Sheriff's health care coverage.

At your earliest convenience, please contact me at the above number to discuss the status of his appeal.

Very truly yours,


Cara E. Zemenak

cc: Brenda Potts – Bridgford Foods
    Ray Lancey – Bridgford Foods



P.O. Box 5225
Scranton, PA 18505-5225

January 15, 2008

08 CV 3570

JUDGE GOTTCHALL

MAGISTRATE JUDGE DENLOW

MATTHEW SHERIFF
409 APPALOOSA TRAIL
PLANO, IL 60545-0000

JH

RE:    Connecticut General Life Insurance Company
       on behalf of the Employer Plan
       Service Request 1-1868503710

Dear Matthew Sheriff:

We received your appeal request on December 6, 2007 concerning the denial of a
portion of your September 21, 2007 prosthetic claim as being over your calendar year
maximum benefit.

After reviewing the appeal request submitted by Cara E. Zemenak as well as all
supporting documentation, including the benefit plan, I have decided to uphold the
original decision to deny a portion of your September 21, 2007 prosthetic claim as over
the calendar year maximum benefit.

This decision was based on the following:

- I reviewed the appeal letter dated December 5, 2007 from Cara E. Zemenak,
  your call history, your claim history, and your benefit plan.
- Per your Bridgford Foods Corporation Open Access Plus Certificate of
  Coverage under Benefit Highlights on page 14, Annual Maximum for
  Employees with less than 36 months of services is $25000.

If you are not satisfied with this decision, you may request a second appeal review
within 180 days, or longer as defined in your benefit plan, from the date on this letter.
This second appeal will be reviewed by an individual who was not involved in any
previous review of your issue.  If you decide to continue with a second appeal review,
please send your request as soon as possible along with any additional supporting
documentation you think we should review to:

       CIGNA National Appeals Unit
       Attn: Level 2 Appeals
       P.O. Box 5225
       Scranton, PA 18505-5225

date we receive the appeal. We will also notify you in writing if we need more time to gather information.

Case 1:08-cv-03570    Document 1-4    Filed 06/23/2008    Page 2 of 2

You or your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor Office.

If your plan is governed by ERISA, you also have the right to bring legal action under Section 502 (a) of ERISA after a review that results in an adverse benefit determination on review.

You are entitled to receive free of charge, upon written request, copies of all documents, records and other information relevant to your claim for benefits. If you have any questions, please write to me at the National Appeals Unit, P.O. Box 5225, Scranton, PA 18505-5225 or call our Customer Service Department at the toll-free number listed on your CIGNA HealthCare ID card. A Customer Service Representative will be happy to help you.


Sincerely,

*Dawn Marcotte*
Appeal Processor


c:      Cara E. Zemenak, Atty.
        658 Highland Ave.
        Glen Ellyn, IL  60137


"CIGNA HealthCare" refers to various operating subsidiaries of CIGNA Corporation. Products and services are provided by these subsidiaries and not by CIGNA Corporation. These subsidiaries include Connecticut General Life Insurance Company, Tel-Drug, Inc. and its affiliates, CIGNA Behavioral Health, Inc., Intracorp, and HMO or service company subsidiaries of CIGNA Health Corporation and CIGNA Dental Health, Inc.

# DeGrand & Wolfe, P.C.

Luke DeGrand

ldegrand@degrandwolfe.com

08 CV 3570
JUDGE GOTTCHALL
MAGISTRATE JUDGE DENLOW

April 30, 2008

JH

**By Electronic Mail and Federal Express**

Linda A. Donahue
Senior Litigation Manager
Legal and Public Affairs, B6 LPA
CIGNA
900 Cottage Grove Road
Hartford, Connecticut  06152-1118

> **Re:** **Claimant: Matthew Sheriff**
> **Employer: Bridgford Foods**
> **Participant Identification Number: U2445489701**

Dear Ms. Donahue:

As I explained in our telephone conversation yesterday morning, and our following email exchange, this office has been retained by Matthew Sheriff in connection with the denial of benefits for medical services performed in 2007. We have provided you with a completed and signed authorization permitting the disclosure of information and materials related to Mr. Sheriff directly to this firm. For purposes of this request, we ask that you provide materials on behalf of CIGNA, its subsidiaries and affiliates, as well as Bridgford Foods and any other entity involved in the administration of benefits under any Bridgford Plan, including but not limited to United Group Program.

To facilitate our consultation with Mr. Sheriff and our preparation of, and meaningful participation in, an appeal of the denial of benefits, please forward the following to this office:

1. The governing ERISA Plan (the "Plan");

2. The summary plan description ("SPD") for the Plan;

3. All documentary evidence reflecting, or claimed to reflect, that the Plan or the SPD were provided to Mr. Sheriff prior to the rendering of services for which reimbursement is being sought;

DEGRAND & WOLFE, P.C.

Linda A. Donahue
April 30, 2008
Page 2

4.   All documentary evidence reflecting, or claimed to reflect, that Mr. Sheriff was advised, prior to the rendering of services for which reimbursement is being sought, of the limitation on benefits upon which the denial is premised;

5.   The Bridgford Foods Corporation Open Access Plus Certificate of Coverage to which reference is made in Ms. Marcotte's letter of January 15, 2008;

6.   All claim manuals, guidelines, protocols and rules applicable to the Plan;

7.   All claim manuals, guidelines, protocols, rules and criteria utilized in rendering the claim denial;

8.   All correspondence and other documents related to Mr. Sheriff's claim or contained in his claim file;

9.   All documents relating to or reflecting the establishment of claim reserves (or any recommendation in that regard)

10.  All evidence relied upon in denying benefits to Mr. Sheriff;

11.  All correspondence, notes of telephone conversations, logs or similar materials reflecting or relating to communications with health care providers, or representatives of health care providers, regarding Mr. Sheriff's treatment or his claim for benefits;

12.  All correspondence, notes of telephone conversations, logs or similar materials reflecting or relating to communication with Matthew Sheriff, Genna Sheriff, or their representatives, regarding Mr. Sheriff's treatment or his claim for benefits;

13.  All other documents, records and other information relied upon or generated during the consideration of Mr. Sheriff's claim;

14.  All documents related to the treatment of claims by other similarly situated claimants; and

15.  A statement of all procedures, including all applicable deadlines, governing review of the denial of Mr. Sheriff's claim.

Thank you for your prompt attention to this matter. Inasmuch as the production of the foregoing is necessary for a full and fair review of the denial of benefits, we would appreciate receiving the requested materials and information within fourteen days (14) of this request.

DeGRAND & WOLFE, P.C.

**Linda A. Donahue**
**April 30, 2008**
**Page 3**

Very truly yours,

Luke DeGrand

LDG/sab

cc:     Matthew Sheriff

# FedEx

**Shipment Receipt**

## Address Information

**Ship to:**
Linda A. Donahue, Sr
Litigation Mgr
CIGNA
Legal and Public Affairs,
B6 LPA
900 Cottage Grove Road
Hartford, CT
06152-1118
US
860.226.2678

**Ship from:**
Luke DeGrand

DeGrand & Wolfe, P.C.
20 South Clark Street

Suite 2620
Chicago, IL
60603
US
3122369200

## Shipping Information
Tracking number: 790996132496
Ship date: 04/30/2008
Estimated shipping charges: 29.24

## Package Information
Service type: Priority Overnight
Package type: FedEx Envelope
Number of packages: 1
Total weight: 1LBS
Declared value: 0.00USD
Special Services: Adult signature required
Pickup/Drop-off: Drop Off

## Billing Information
Bill transportation to: Sender
Your reference: Sheriff
P.O. no.:
Invoice no.:
Department no.:

**Thank you for shipping online with Fedex ShipManager at fedex.com.**

## Please Note

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.
The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.

# DeGrand & Wolfe, P.C.

LUKE DeGRAND

ldegrand@degrandwolfe.com

June 6, 2008

```
08 CV 3570
JUDGE GOTTCHALL
MAGISTRATE JUDGE DENLOW

JH
```

**By <u>Electronic</u> <u>and</u> <u>Regular</u> <u>Mail</u>**

Linda A. Donahue
Senior Litigation Manager
Legal and Public Affairs, B6 LPA
CIGNA
900 Cottage Grove Road
Hartford, Connecticut  06152-1118

> *Re:*   *Claimant: Matthew Sheriff*
> *Employer: Bridgford Foods*
> *<u>Participant Identification Number: U2445489701</u>*

Dear Ms. Donahue:

As we discussed this morning, I will wait until June 12, 2008, to receive the materials we previously requested in this matter.  I continue to be dismayed that this matter has not been satisfactorily resolved -- or even addressed -- by your clients, especially since there seems to be little question that these benefits should rightly be paid.  The continuing refusal by Bridgford to address this matter is causing significant hardship and stress for the Sheriffs, and as I indicated, should we be required to take this matter to the next level, we will seek to recover from Bridgford all available remedies, including the attorneys' fees incurred in connection with what appears to be a bad faith refusal to honor its benefits commitments to its employees.

Very truly yours,

Luke DeGrand

LDG/sab

cc:   Matthew and Genna Sheriff

# DeGrand & Wolfe, P.C.

LUKE DeGRAND

ldegrand@degrandwolfe.com

```
08 CV 3570
JUDGE GOTTCHALL
MAGISTRATE JUDGE DENLOW

         JH
```

June 16, 2008

**By Federal Express**

Linda A. Donahue
Senior Litigation Manager
Legal and Public Affairs, B6 LPA
CIGNA
900 Cottage Grove Road
Hartford, Connecticut 06152-1118

**By Federal Express**

Raymond Lancy
Chief Financial Officer
Bridgford Foods Corporation
1308 North Patt Street
Anaheim, California 92801

**By Federal Express**

Robert D. Edelheit
Registered Agent
United Group Programs, Inc.
2500 North Military Trail
Suite 450
Boca Raton, Florida 33431

> **Re:** *Claimant: Matthew Sheriff*
> *Employer: Bridgford Foods*
> *Participant Identification Number: U2445489701*

Dear Ms. Donahue and Messrs. Lancy and Edelheit:

As you know from our prior correspondence, this office represents Matthew W. Sherriff. To date, our repeated attempts to obtain information and documents relevant to the denial of Mr. Sheriff's benefits have been unsuccessful, and the unexplained failure to provide us with said information and materials is denying Mr. Sheriff with meaningful access to a full and fair review of the denial of his benefits. Accordingly, unless we receive by the close of business on Thursday, June 19, 2008, the materials requested in my letter to Ms. Donahue dated April 30, 2008 (including the plan, any summary plan description and the claim file), we shall consider all administrative appeal efforts to have been exhausted and/or futile, and shall file a complaint in federal court on Mr. Sheriff's behalf.

DeGrand & Wolfe, P.C.

Linda A. Donahue
Raymond Lancy
Robert D. Edelheit
June 16, 2008
Page Two

Very truly yours,

Luke DeGrand

LDG/sab

cc:    Matthew and Genna Sheriff

 **Shipment Receipt**

## Address Information

**Ship to:**
Robert D. Edelheit
Registered Agent
2500 N MILITARY TRL
STE 450
UNITED GROUP
PROGRAMS, INC.
BOCA RATON, FL
33431-6353
US
8008428770

**Ship from:**
Luke DeGrand
DeGrand & Wolfe, P.C.
20 South Clark Street

Suite 2620

Chicago, IL
60603
US
3122369200

## Shipping Information
Tracking number: 790035063279
Ship date: 06/16/2008
Estimated shipping charges: 28.22

## Package Information
Service type: Priority Overnight
Package type: FedEx Envelope
Number of packages: 1
Total weight: 0.5LBS
Declared value: 0.00USD
Special Services:
Pickup/Drop-off: Drop Off

## Billing Information
Bill transportation to: Sender
Your reference: Sheriff
P.O. no.:
Invoice no.:
Department no.:

**Thank you for shipping online with Fedex ShipManager at fedex.com.**

## Please Note

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.
The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.

 **Shipment Receipt**

## Address Information

**Ship to:**
Raymond Lancy
Chief Financial Officer
1308 N PATT ST
BRIDGEFORD FOODS
CORPORATION
ANAHEIM, CA
928012551
US
8005272105

**Ship from:**
Luke DeGrand
DeGrand & Wolfe, P.C.
20 South Clark Street
Suite 2620

Chicago, IL
60603
US
3122369200

## Shipping Information

Tracking number: 791087349314
Ship date: 06/16/2008
Estimated shipping charges: 30.14

## Package Information

Service type: Priority Overnight
Package type: FedEx Envelope
Number of packages: 1
Total weight: 0.5LBS
Declared value: 0.00USD
Special Services:
Pickup/Drop-off: Drop Off

## Billing Information

Bill transportation to: Sender
Your reference: Sheriff
P.O. no.:
Invoice no.:
Department no.:

**Thank you for shipping online with Fedex ShipManager at fedex.com.**

## Please Note

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or speical is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.
The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.

 **Shipment Receipt**

## Address Information

**Ship to:**
Linda A. Donahue
CIGNA
Legal and Public Affairs,
B6 LPA
900 Cottage Grove Road
Hartford, CT
061521118
US
8602262678

**Ship from:**
Tracey L. Wolfe
DeGrand & Wolfe, P.C.
20 South Clark Street

Suite 2620
Chicago, IL
60603
US
3122369200

## Shipping Information
Tracking number: 798462203790
Ship date: 06/16/2008
Estimated shipping charges: 27.46

## Package Information
Service type: Priority Overnight
Package type: FedEx Envelope
Number of packages: 1
Total weight: 0.5LBS
Declared value: 0.00USD
Special Services:
Pickup/Drop-off: Drop Off

## Billing Information
Bill transportation to: Sender
Your reference:
P.O. no.:
Invoice no.:
Department no.:

**Thank you for shipping online with Fedex ShipManager at fedex.com.**

## Please Note
FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or speical is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.
The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.

**Linda A. Donahue**
Senior Litigation Manager
Legal and Public Affairs, B6 LPA



**CIGNA**

June 18, 2008

Routing  B6 LPA
900 Cottage Grove Rd.
Hartford, CT
Telephone  860-226-2678
Facsimile  860-226-7222
linda.donahue2@cigna.com

Luke DeGrand, Esq.
DeGrand  & Wolfe, P.C.
20 South Clark Street
Suite 2620
Chicago, IL 60603

```
08 CV 3570

JUDGE GOTTCHALL

MAGISTRATE  JUDGE  DENLOW


JH
```

RE: Matthew Sheriff

Dear Mr. DeGrand:

In response to your letter's of 4-30-08 & 6-16-08, enclosed please find most of the requested information I have been able to locate as of this letter.  The information enclosed corresponds to the order in which you requested it in your 4-30-08 letter.

1: This is a ASO (Administrative Services Only Agreement) between Bridgeford Foods Corporation and Connecticut General Life Insurance Co.  It is not an insured plan but a self insured plan and per the attached and tabbed front page of the Agreement it is proprietary and cannot be disclosed without the permission of each of the parties.  (Also see page immediately following the Table of Contents in the attached 2007 SPD)

2. Attached is the requested SPD for the 2007 timeframe which is the timeframe in dispute in the matter.  See page 14.

3. It is my understanding that Connecticut General Life Insurance did not have the responsibility of providing the SPD's to Mr. Sheriff but I have requested verification of that and will follow up upon receipt of it.

4. To the extent that they are applicable, the only information I have are the attached phone notes as they relate to Mr. Sheriff.

5. See SPD as in # 2.

Luke DeGrand, Esq.
June 18, 2008
Page 2

6. & 7. Connecticut General Life Insurance Company objects to this request. These documents are considered proprietary in nature.

8. Claim file is attached and is complete to the best of my knowledge.  No appeals were ever received from Mr. Sheriff as best we can determine.

9. As of this writing, I do not have that information but will continue to pursue it for you.

10. See claim file.  To the best of my knowledge, eligibility was incorrectly loaded for Mr. Sheriff by UGP.

11.  See attached and tabbed call tracking notes as well as the claim file per # 8.

12. See # 11 and 8 attached.

13. See claim file attached as in #8

14. We object. We are unable to provide that information without the specific member information. Then, to the extent we could produce the information, it is unlikely due to HIPAA Laws that we could provide it without the authorization of each individual member.

15. See the SPD as in # 2.


If I can be of further assistance please let me know.


Very truly yours,

Linda A. Donahue


Enclosure

# DeGrand & Wolfe, P.C.

LUKE DeGRAND

ldegrand@degrandwolfe.com

June 13, 2008

08 CV 3570
JUDGE GOTTCHALL
MAGISTRATE JUDGE DENLOW

**By Federal Express**

JH

Raymond Lancy
Chief Financial Officer
Bridgford Foods Corporation
1308 North Patt Street
Anaheim, California 92801

     *Re:   Matthew W. Sheriff*

Dear Mr. Lancy:

     This office has been retained to represent Matthew Sheriff in connection with certain matters arising from his former employment as Director of Business Development for Bridgford Foods Corporation ("Bridgford"), and the termination of that employment on May 4, 2007. On Mr. Sheriff's behalf, we hereby demand payment, within three business days of the delivery of this letter, of the sum of $1,080.81, consisting of final compensation as defined by the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* (the "Wage Act"). This demand is being made in accordance with the Wage Act and the Illinois Attorneys Fees in Wage Actions Act, 705 ILCS 225/0.01, *et seq.*

     The sum demanded herein may be remitted in care of this office.

                Very truly yours,

                Luke DeGrand

LDG/sab

cc:   Matthew W. Sheriff

 **Shipment Receipt**

## Address Information

**Ship to:**
Raymond Lancy
Chief Financial Officer
1308 N PATT ST
BRIDGEFORD FOODS
CORPORATION
ANAHEIM, CA
92801-2551
US
(800) 527-2105

**Ship from:**
Luke DeGrand
DeGrand & Wolfe, P.C.
20 South Clark Street
Suite 2620

Chicago, IL
60603
US
3122369200

## Shipping Information

Tracking number: 791916216528
Ship date: 06/13/2008
Estimated shipping charges: 30.14

## Package Information

Service type: Priority Overnight
Package type: FedEx Envelope
Number of packages: 1
Total weight: 0.5LBS
Declared value: 0.00USD
Special Services:
Pickup/Drop-off: Drop Off

## Billing Information

Bill transportation to: Sender
Your reference: Sheriff
P.O. no.:
Invoice no.:
Department no.:

**Thank you for shipping online with Fedex ShipManager at fedex.com.**

## Please Note

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.
The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.