UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW W. SHERIFF | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 3570 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| BRIDGEFORD FOODS CORP., | ) | |
| BRIDGFORD FOODS CORP. GROUP | ) | |
| WELFARE PLAN, CIGNA CORP., | ) | |
| CONNECTICUT GENERAL LIFE INSURANCE | ) | |
| CO., and UNITED GROUP PROGRAMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

Defendant Connecticut General Life Insurance Company ("CGLIC") moves to dismiss Counts I-IV of Mathew W. Sheriff's complaint (the "Complaint"), which seeks to hold CGLIC liable for multiple violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Count I alleges that CGLIC failed to respond to Sheriff's request for the production of documents related to a benefit plan which provides health insurance coverage to the employees of Bridgford Foods Corporation (the "Plan") in violation of 29 U.S.C. §§ 1024(b)(4) and 1132(c)(1). Count II claims CGLIC breached its fiduciary duty to Sheriff in violation of 29 U.S.C. §§ 1132(a)(3), 1022, and 1024(b). Count III makes a common law claim of equitable estoppel, and finally, Count IV seeks, in the alternative, benefits under the Plan.

### I. LEGAL STANDARD

Rule 12(b)(6) allows a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion the court must accept as true the allegations of the complaint and draw

all reasonable inferences in favor of plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (internal citation omitted). Legal conclusions, however, are not entitled to any assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct.1937, 1940 (2009). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). However, the allegations must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl., Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The plaintiff need not plead particularized facts, but the factual allegations in the complaint must be sufficient to "state a claim to relief that is plausible on its face[.]" *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556).

## II. BACKGROUND

Sheriff worked for Bridgford Foods Corporation ("Bridgford") as a Director of Business Development between January 2006 and May 2007. Compl. ¶¶ 12, 27. In March 2006 Sheriff suffered a stroke. *Id*. ¶ 17. At the time, Sheriff was insured through a health plan provided by a previous employer which he had extended via the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") 29 U.S.C. §§ 1161, *et seq*. Compl. ¶ 13. Sheriff also enrolled in the Plan in April 2006 and his enrollment became effective on May 8, 2006. *Id*. ¶ 14. When Sheriff enrolled he alleges that he was never provided with a statement limiting his coverage under the Plan to an

2

annual maximum amount. *Id.* ¶ 16. Indeed, Sheriff alleges the opposite: that he received written disclosures stating that his medical coverage under the Plan was "unlimited." *Id.* ¶¶ 20-21 & Ex. A. Through 2006 Sheriff maintained coverage through both the Plan and the insurance he procured through COBRA. Sheriff's COBRA plan, however, paid all of his 2006 medical costs. *Id.* ¶ 18. At the end of 2006, Sheriff alleges that he discontinued his COBRA coverage and decided to forego enrollment in his spouse's heath benefit plan, allegedly because of the representation that the Plan conferred "unlimited" coverage to him. *Id.* ¶¶ 19-22.

In February 2007, Sheriff's doctors prescribed stereotactic radiosurgery, a form of radiation therapy, and referred him to the University of Virginia Primary Care Center ("UVA") for the procedure. *Id.* ¶ 23. UVA representatives contacted CGLIC[1] prior to performing the procedure to obtain any necessary pre-authorization. CGLIC told UVA that preauthorization was not required for the procedure to be covered under the Plan. *Id.* ¶¶ 24-25. On May 1, 2007, Sheriff underwent the surgery. *Id.* ¶ 26. Sheriff returned to work on May 4, 2007 and was told that his employment by Bridgford was being terminated "retroactively" to a date before the procedure was performed. *Id.* ¶ 27.

Following his termination, Sheriff elected COBRA continuation coverage under the Plan, and made the required payments. *Id.* ¶ 31. In September 2007 Sheriff was proscribed a prosthetic device to assist with his recovery. *Id.* ¶ 33 & Ex. B. Sheriff contacted CGLIC to obtain pre-approval for the cost of acquiring the device and to ensure that the cost would be covered under the Bridgford Plan. CGLIC assured Sheriff that the

---

[1] The complaint actually alleges that a call was placed to a representative of "CIGNA Corporation" a Delaware holding company. In his response Sheriff uses CIGNA and CGLIC interchangeably to refer to the entity involved in managing the Plan; for clarity the court exclusively refers to the entity which managed the Plan as CGLIC herein.

device was covered by the Plan. Sheriff obtained the prosthetic device in September 2007, and submitted a claim for reimbursement to the Plan. *Id*. ¶ 35. In October 2007, Sheriff contacted CGLIC to inquire on the status of his request for reimbursement of the cost of the prosthetic device. CGLIC then advised him that his coverage under the Plan was subject to an annual maximum of $25,000. *Id*. ¶ 36.

Sheriff incurred more than $150,000 in medical charges in 2007 that the Plan has refused to cover based upon this maximum. *Id*. ¶ 39. The charges remain unpaid. Resp. 5.

## III. ANALYSIS

CGLIC presents a series of arguments in favor of dismissal, all of which are unavailing or premature. CGLIC's motion is therefore denied for the reasons set forth below.

### A. Count I for Relief under 29 U.S.C. §§ 1024(b)(4) and 1132(c)(1)

CGLIC contends that the court must dismiss Count I of the Complaint because (1) CGLIC is not the plan "administrator"; (2) CGLIC complied with the statutory obligation to timely provide Sheriff with the documents enumerated in § 1024(b)(4); and (3) statutory penalties cannot be imposed for failure to provide documents relevant to administrative review of an adverse benefit determination.

#### i. Is CGLIC an "administrator" of the Plan?

ERISA defines an administrator as follows:

> (i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

4

29 U.S.C. § 1002(16)(A). CGLIC argues that the terms of the Plan do not specify an "administrator" and therefore Bridgford, as the sponsor of the plan, is the administrator under § 1002(16)(A) of the ERISA. In response Sheriff points out that each co-defendant has disclaimed the administrator label, rendering a determination of the ERISA administrator inappropriate at this stage. *See* Resp. 16 (citing the pleadings of CGLIC's co-defendants). In reply, CGLIC changes course to contend that Bridgford is the administrator under § 1002(16)(A) because the summary plan document ("SPD") Sheriff appended to his response specifically states that Bridgford Foods is the ERISA administrator. *See* Reply 4.

Neither party makes a persuasive argument for its position. The court finds that determining the ERISA administrator as a matter of law on CGLIC's motion is inappropriate because Sheriff is a stranger to the contracts which govern the Plan and therefore cannot know with any certainty the nature and scope of the contractual relationship between Bridgford and CGLIC. Indeed, CGLIC refused to produce the Administrative Services Only Agreement ("ASO") (which CGLIC maintains governs the operation of the Plan) to Sheriff upon his request by letter. *See* Compl., Ex. G (stating that the ASO could not be produced to Sheriff because it is proprietary). That document has now been produced and, as CGLIC points out, it does not define an administrator. Were the court to assume that the ASO represents "the terms of the instrument under which the plan is operated," then it could accordingly rule that Bridgford is the ERISA administrator under § 1002(16)(A). But such an assumption is impermissible at the pleading stage because the court has no way of knowing whether CGLIC's representation of the terms of the Plan is accurate. Moreover, the fact that the actual parties to these

contracts dispute the identity of the ERISA administrator underscores the propriety of deferring to the plaintiff's allegation that CGLIC is liable as an administrator. *See, e.g.*, Bridgford Ans. ¶ 4 (denying that it is the administrator of the Plan). CGLIC's reliance on the SPD's declaration that Bridgford is the ERISA administrator is unavailing because CGLIC has represented to Sheriff that the ASO – not the SPD – is the document relevant to the administrator designation. CGLIC's motion to dismiss on this basis is denied.

ii. Scope and production of documents

CGLIC next contends that Count I should be dismissed because letters between CGLIC and Sheriff (which are appended to the Complaint) confirm that CGLIC provided Sheriff with the documents it was obligated to provide him under § 1024(b)(4). Accordingly, CGLIC argues that the court may not impose a penalty on CGLIC under § 1132(c)(1). See *Mem.* 6-7.

Section 1132(c)(1) grants the court discretion to impose damages where an administrator fails to provide the materials specified in § 1024(b)(4) within thirty days of their request. The covered materials include "a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4).

Here, even if the record ultimately shows that CGLIC fully complied with the § 1024(b)(4) production obligations, the letters attached to the complaint indicate that CGLIC did not produce *any* documents to Sheriff until June 18, 2008, more than thirty days after Sheriff's initial request. *See* Compl. Exs. D, G (showing Sheriff's request was made on April 30, 2008 and CGLIC's production occurred on June 18, 2008). Should

6

CGLIC be found to be the ERISA administrator, this delay could be sufficient to sustain penalties under § 1132(c)(1). Accordingly, CGLIC's motion to dismiss on this basis is denied.

### iii. Scope of § 1132(c)(1) penalties.

CGLIC argues further that Sheriff's claim for the imposition of statutory penalties is improperly pled because the documents he requested exceed the scope of § 1024(b)(4), and this failure to produce such documents cannot support the imposition of a fine under § 1132(c)(1).

Though CGLIC may vindicate this argument on a full record, the pleadings cannot support dismissal because the scope of 1024(b)(4) is fact dependent. Some of the documents Sheriff requested may ultimately be found to "formally govern the establishment of the plan," or discovery may reveal that CGLIC represented to Sheriff that it relied on a document that it failed timely to produce in denying his claim. *Mondry v. Am. Fam. Mutual Ins.*, 557 F.3d 781, 797, 800 (7th Cir. 2009). Either circumstance could support the imposition of statutory penalties. *Id.* Count I is properly plead and CGLIC's motion to dismiss is denied.

## B. Counts II-IV.

CGLIC seeks dismissal of Counts II-IV of the Complaint arguing either that CGLIC is not an ERISA fiduciary or that Sheriff improperly seeks monetary rather than equitable relief in those counts. Both arguments are unpersuasive.

### i. Sheriff has properly plead that CGLIC is an ERISA fiduciary.

ERISA defines a fiduciary broadly to encompass any entity that

> exercises any discretionary authority or discretionary control respecting management of such plan or exercises

> any authority or control respecting management or disposition of its assets . . . or . . . has any discretionary authority or discretionary responsibility in the administration of . . . [a] plan.

29 U.S.C. § 1002 (21)(A). CGLIC claims that it does not meet this definition because it acted as a third-party claims administrator under the agreement between CGLIC and Bridgford and the agreement did not grant CGLIC discretion sufficient to render it an ERISA fiduciary. *See* Mem. 9-11.

Plaintiff has alleged that CGLIC was a fiduciary and notes some language in the ASO agreement that grants CGLIC discretion. *See* Resp. 11, Exs. A, B at 59. Additionally, a "person or entity may . . . become a 'functional fiduciary' simply by performing fiduciary duties or by exercising discretion of a fiduciary nature." *Rogers v. Baxter Intern., Inc.*, 417 F. Supp. 2d 974, 986 (N.D. Ill. 2006) (internal citations omitted). Accordingly, courts often decline to rule on a party's fiduciary status on a motion to dismiss, as the court does here. *See id*.

CGLIC's motion to dismiss Count IV is therefore denied because it is premised entirely on CGLIC's assertion that it is not an ERISA fiduciary. *See* Mem. 14. CGLIC's argument for dismissal of Count II (breach of fiduciary duty) and Count III (equitable estoppel) relies in part on this disclaimer of fiduciary status and is rejected to that extent for the reasons cited above.

The court now turns to CGLIC's other argument for dismissal of Counts II and III.

### ii. Equitable relief under § 1132(a)(3).

CGLIC urges dismissal of Sheriff's claim for breach of fiduciary duty (Count II) and equitable estoppel (Count III) contending that Sheriff seeks impermissible *monetary*

8

relief under § 1132(a)(3). Counts II and III both ask for relief in a variety of forms including "further relief as the Court deems equitable and proper." *See* Compl. The ERISA permits suits seeking:

> (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3). Because Sheriff explicitly seeks equitable relief in the Complaint, Sheriff has met his burden under Rule 8 of the Federal Rules of Civil Procedure.

While CGLIC correctly notes that case law counsels narrow construction of "appropriate equitable relief" (*see, e.g.*, *Varity Corp. v. Howe*, 516 U.S. 489, 511-12 (1996)), the analysis of what relief is appropriate cannot occur in the initial stages of an ERISA suit because the merits are undecided. How is the court to determine the proper bounds of Sheriff's well-plead prayer for relief when he has not yet prevailed? Dismissal of Counts II and III on this basis is therefore denied.

## IV. CONCLUSION

CGLIC's motion to dismiss is denied.


ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: September 9, 2009

9